**PHI QUOC TRAN, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–74461.**

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted March 8, 2011.*

Filed March 25, 2011.

---

Brenda Diaz, Phung, Miyamoto & Diaz, LLP, Los Angeles, CA, for Petitioner.

Before: FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

---

MEMORANDUM **

Phi Quoc Tran, a native and citizen of Vietnam, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen and de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny in part, and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Tran's motion to reopen on the ground that Tran is ineligible for relief under former section 212(c), 8 U.S.C. § 1182(c) (repeal effective April 1, 1997), because his ground of deportability lacks a statutory counterpart in a ground of inadmissibility. *See* 8 C.F.R. §§ 1003.44(a), 1212.3(f)(5). Tran's legal and constitutional challenges to this determination are unavailing. *See Aguilar–Ramos v. Holder*, 594 F.3d 701, 706 (9th Cir.2010).

We lack jurisdiction to consider the BIA's October 5, 2005, order denying Tran's motion to reconsider because he failed to timely petition for review of that decision. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir.2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.